UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT MITCHELL, | ) | SA CV 00-733 AHS (RZx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STATEMENT OF UNCONTROVERTED |
| | ) | FACTS AND CONCLUSIONS OF LAW |
| COUNTY OF ORANGE, et al., | ) | IN SUPPORT OF PARTIAL SUMMARY |
| | ) | JUDGMENT FOR DEFENDANTS |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**UNCONTROVERTED FACTS**

1.   Plaintiff filed suit against the County of Orange and several individual Sheriff's Deputies[1] on July 27, 2000. (<u>See</u> Dkt. No. 1.)

2.   The altercation between plaintiff and his cell-mate, Stanley Holmes, took place on April 8, 2000. (Third Am. Compl. ¶ 16.)

---

[1]   Individually-named Sheriff's Deputies Gene Hyatt, James Porras, Josh Michael Baugh, David Pavlu, Brian Stockbridge, C. Corvoiser, and Paige Demarest referred to collectively herein as "Deputy Defendants." All defendants referred to collectively herein as "defendants."

3.   Plaintiff was transferred from the IRC to state prison on July 26, 2000.  (Decl. of Roland Chacon ("Chacon Decl.") ¶ 3.)

4.   On September 23, 2003, plaintiff filed his First Amended Complaint ("FAC").  (See Dkt. No. 67.)

5.   On November 27, 2006, Plaintiff filed his Second Amended Complaint.  (See Dkt. No. 200.)

6.   Plaintiff filed his operative Third Amended Complaint on January 18, 2007.  (See Dkt. No. 204.)  Trial is currently set for May 12, 2009.  (Feb. 17, 2009, Ord. at 2.)

7.   Fact discovery closed seventy-eight (78) calendar days before the trial date, or February 23, 2009.  (Nov. 19, 2007, Ord. at 3.)  Expert discovery closed on November 14, 2008. (Aug. 25, 2008, Ord. at 2.)

8.   Plaintiff raised for the first time a section 1983 claim alleging that defendants violated the Equal Protection Clause by discriminating against plaintiff as the first claim in the First Amended Complaint, filed September 23, 2003.  (FAC ¶¶ 90-92.)

9.   The classification of inmates is a specialized task conducted by specially-trained deputies whose sole responsibility is to properly classify inmates.  (Chacon Decl. ¶ 4.)  Deputies that monitor and patrol the modules inside the IRC, such as the Deputy Defendants, take no part in the classification of inmates.  (Chacon Decl. ¶ 5.)  Deputy Defendants took no part in the classification of plaintiff.  (Chacon Decl. ¶ 7.)

//

//

2

## CONCLUSIONS OF LAW

1.    Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits" demonstrate "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the summary judgment proponent has discharged its initial burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by [other evidence], designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-current Fed. R. Civ. P. 56(e)). In making its determination, the Court views all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

2.    The applicable statute of limitations for a claim brought under 42 U.S.C. § 1983 is the personal injury statute of limitations in the forum state. Guerrero v. Gates, 442 F.3d 697, 705 n.32 (9th Cir. 2006). California extended its personal injury statute of limitations from one to two years on January 1, 2003. Wade v. Ratella, 407 F. Supp. 2d 1196, 1203 (S.D. Cal. 2005). The extension applies retroactively to claims made by victims of the terrorist attacks of September 11, 2001, but other

claims already barred by the prior statute of limitations do not
benefit from the extension.  Id.

       3.   California law also permits equitable tolling for
prisoners seeking relief under section 1983.  See Guerrero, 442
F.3d at 705-06 (applying California's tolling statute to
prisoner's section 1983 claim).  California Code of Civil
Procedure § 352.1 tolls the statute of limitations for a maximum
of two years if the plaintiff is incarcerated for a term less
than life.  Wade, 407 F. Supp. 2d at 1204-05.

       4.   Under federal law, a civil rights claim begins to
accrue when the plaintiff knows or has reason to know of the
injury forming the basis of the action.  Id. at 1203.

       5.   The statute of limitations is an affirmative
defense under Rule 8(c)(1) of the Federal Rules of Civil
Procedure.  "[A]n affirmative defense [is] ordinarily lost if not
timely raised."  Arizona v. California, 530 U.S. 392, 410, 120 S.
Ct. 2304, 147 L. Ed. 2d 374 (2000).  "In the absence of a showing
of prejudice, however, an affirmative defense may be raised for
the first time at summary judgment."  Camarillo v. McCarthy, 998
F.2d 638, 639 (9th Cir. 1993).

       6.   Plaintiff's first claim is not barred by the
statute of limitations because plaintiff benefits from equitable
tolling and the 2003 extension and because defendants waived this
affirmative defense by raising it for the first time at summary
judgment.

       7.   Plaintiff's claim under section 1983 and the
Fourteenth Amendment accrued on the date of the altercation with
Mr. Holmes.  At that point, April 8, 2000, plaintiff knew or

should have known that he suffered injury as a result of defendants' alleged race-based policies and practices.  As a prisoner with a forthcoming section 1983 claim, plaintiff qualified for equitable tolling lasting a maximum of two years under California Code of Civil Procedure § 352.1.  When this tolling expired on April 8, 2002, the one-year statute of limitations began to run.  However, before its expiration, the California legislature extended the period from one to two years.  Because plaintiff's claim was not yet time-barred when the extension was passed, the new two-year period applies.  Accordingly, the statute of limitations on plaintiff's section 1983 claim expired on April 8, 2004, after plaintiff filed his First Amended Complaint on September 23, 2003.  See Lamke v. Sunstate Equip. Co., 387 F. Supp. 2d 1044, 1052 (N.D. Cal. 2004).  Plaintiff's first claim is timely.

8.   Defendants waived the statute of limitations as an affirmative defense by raising it for the first time in the instant motion.  Plaintiff would be prejudiced if defendants were permitted to raise the statute of limitations defense for the first time at summary judgment.  Fact and expert discovery are closed.  Both parties appear to have spent substantial time and resources investigating plaintiff's Equal Protection allegations under the assumption that this claim was viable.  Thus, defendants waived their statute of limitations defense by raising it for the first time at the summary judgment stage.

9.   For the above reasons, defendants are not entitled to summary judgment on their statute of limitations defense and the motion is denied to the extent it seeks relief on those

grounds.

      10.  To establish standing, a plaintiff must state a claim for injuries to his or her own rights; the Court will not decide "'abstract questions of wide public significance'" or generalized grievances. <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 12, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004) (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). An actual controversy must exist throughout the litigation. <u>See</u> <u>U.S. Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 395-96, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980). A claim is moot when it is no longer live or the parties lack an interest in the outcome. <u>Id.</u> at 396.

      11.  An exception to the mootness doctrine is available in "cases that are 'capable of repetition, yet evading review.'" <u>Murphy v. Hunt</u>, 455 U.S. 478, 482, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982). To fall under this exception, the claim or issue: (1) must be of such inherently short duration that adjudication cannot be achieved before it expires; and (2) there must be a "reasonable probability" that plaintiff will be subjected to the same alleged harm again. <u>Id.</u> (citation and internal quotations omitted). A "mere physical or metaphysical possibility" that plaintiff will again be subjected to the same alleged harm is insufficient to establish a "reasonable probability" of repetition. <u>Id.</u>

      12.  "An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368

(9th Cir. 1995).  The same rule applies if the plaintiff is transferred, rather than released, from the prison against which he seeks injunctive relief.  _Moreno v. Thomas_, 490 F. Supp. 2d 1055, 1060 (C.D. Cal. 2007).  Thus, an inmate cannot obtain injunctive relief against a facility in which he is no longer confined.  _See, e.g._, _Nelson v. Heiss_, 271 F.3d 891, 897 (9th Cir. 2001); _Moreno_, 490 F. Supp. 2d at 1060 (C.D. Cal. 2007); _Lucero v. Hensley_, 920 F. Supp. 1067, 1077 (C.D. Cal. 1996).

13.  It is undisputed that plaintiff was transferred from the IRC on July 26, 2000.  Unless the alleged wrong is "capable of repetition, yet evading review," plaintiff's claims are moot to the extent he seeks injunctive relief.  Plaintiff, however, fails to show a "reasonable probability" of repetition sufficient to invoke the exception.  Plaintiff's "[s]peculative fear that an alleged wrong may reoccur will not allow the [Court] to invoke the capable-of-repetition doctrine as an exception to the mootness doctrine."  _Lucero_, 920 F. Supp. at 1077.  Plaintiff's first claim is moot to the extent it seeks injunctive relief.

14.  In finding that plaintiff fails to show that he has standing to seek injunctive relief against the County of Orange, defendants' Motion for Partial Summary Judgment to dismiss plaintiff's first claim to the extent it seeks injunctive relief is granted.

15.  Government officials are entitled to qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  _Harlow v. Fitzgerald_, 457

U.S. 800, 818,  102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).  A
right is clearly established if "it would be clear to a
reasonable officer that his conduct was unlawful in the situation
he confronted." Saucier v. Katz, 533 U.S. 194, 202, 121 S. Ct.
2151, 150 L. Ed. 2d 272 (2001), overruled in part, Pearson v.
Callahan, ---U.S.---, 129 S. Ct. 808, 818 (2009) (holding two-
step procedure for deciding questions of qualified immunity no
longer mandatory).  General propositions are not enough; rather,
the particular contours of the right must be clear to a
reasonable officer.  Id.

        16.  The record reveals that Deputy Defendants did not
violate a "clearly established" Equal Protection right of
plaintiff's by virtue of their actions in 2000.  In 2000, race-
based segregation in prisons passed constitutional muster if it
was reasonably related to legitimate penological interests.
Mayweathers v. Hickman, No. 05-CV-713 WQH (CAB), 2006 WL 4395859,
at *6 (S.D. Cal. Dec. 26, 2006).  It was not until the decision
in Johnson v. California, 543 U.S. 499, 509, 515, 125 S. Ct.
1141, 160 L. Ed. 2d 949 (2005), that the Supreme Court clarified
that all governmental racial classifications - in and outside of
prison - are required to meet strict scrutiny.  Because the
"contours of the right . . . [were] undefined" at the time the
alleged misconduct occurred, the Deputy Defendants are entitled
to qualified immunity from plaintiff's First Cause of Action
under the Fourteenth Amendment.  See Martinez v. Covello, No. CV
06-3891 CJC (MAN), 2008 WL 4552903, at *16-17 (C.D. Cal. Oct. 7,
2008).

        17.  In finding that plaintiff fails to show that

1  Deputy Defendants violated a clearly established Fourteenth
2  Amendment right, defendants' Motion for Partial Summary Judgment
3  to dismiss Deputy Defendants from plaintiff's first claim is
4  granted.

5         18.  For the foregoing reasons, defendants, County of
6  Orange, a political subdivision of the State of California;
7  Michael Carona, Sheriff for the County of Orange; John Rocky
8  Hewitt, Assistant Sheriff for the County of Orange; Deputy Gene
9  Hyatt; Deputy James Porras; Deputy Josh Michael Baugh; Deputy
10 David Pavlu; Deputy Brian Stockbridge; Deputy C. Corvoiser; and
11 Deputy Paige Demarest are entitled to summary judgment on
12 plaintiff's First Cause of Action to the extent it seeks
13 injunctive relief.

14        19.  Deputy Defendants are entitled to summary judgment
15 on plaintiff's first claim on qualified immunity grounds.

16        Dated:  March 6, 2009.

ALICEMARIE H. STOTLER
_____
         ALICEMARIE H. STOTLER
         UNITED STATES DISTRICT JUDGE